UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRISTIN BRIDE, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>SNAP INC., et al.,<br><br>    Defendants. | Case No. 21-cv-03473-JD<br><br>**ORDER RE MOTION TO TRANSFER**<br><br>Re: Dkt. No. 31 |

In this consumer class action, the Estate of Carson Bride, his mother Kristin Bride, and the Tyler Clementi Foundation have sued three technology companies, Snap, Inc. (which owns the Snapchat app), YOLO Technologies, Inc. (which owns YOLO, an in-app extension for Snapchat), and LightSpace, Inc. (which owns LMK, another Snapchat extension), for claims under Oregon, New York, and California state law. *See* Dkt. No. 1. The claims arise out of the tragic suicides of Carson Bride and Tyler Clementi, teenage boys who are alleged to have suffered harassment and cyberbullying on Snapchat and the YOLO and LMK extensions. *Id.* ¶¶ 29, 65-67. Plaintiffs contend that Snap, YOLO, and LightSpace failed to implement their anti-bullying and harassment policies, and to safeguard teens from cyberbullying despite promising to do so. *Id.* ¶ 22.

Defendants have requested a transfer to the Central District of California under 28 U.S.C. § 1404, on the grounds that the case could have been brought there originally, and that transfer is warranted in the interest of convenience and fairness. *See* Dkt. No. 31. The motion is suitable for decision without oral argument, *see* Civil Local Rule 7-1(b). The parties' familiarity with the record is assumed, and a transfer is granted.

Under Section 1404(a), "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The Court has broad discretion in ruling on a motion to transfer. *Marshall v. Monster Beverage Corp.*, No. 14-CV-02203-JD, 2014 WL 3870290, at *1 (N.D. Cal. Aug. 6, 2014) (citing *Vu v. Ortho-McNeil Pharm., Inc.*, 602 F. Supp. 2d 1151, 1155 (N.D. Cal. 2009)). The "moving party must show that venue is proper in both the transferor and transferee districts." *Id.* After that, the traditional Section 1404 factors are applied "to evaluate whether a transfer of venue would be more convenient to the parties and the witnesses and would promote the interests of justice: (1) plaintiffs' choice of forum, (2) convenience of the parties, (3) convenience of the witnesses, (4) ease of access to the evidence, (5) familiarity of each forum with the applicable law, (6) feasibility of consolidation with other claims, (7) any local interest in the controversy, and (8) the relative court congestion and time of trial in each forum." *Id.* at *2 (internal quotation omitted).

These factors weigh in favor of a transfer to the Central District. Plaintiffs do not dispute that this case could have been brought in the Central District. *See* Dkt. No. 37 at 3-4. Under 28 U.S.C. §§ 1391(b)(1) and (c)(3), venue is proper in "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located," and foreign defendants are "disregarded in determining where the action may be brought." For a corporate entity defendant, venue is proper "in any judicial district in which such defendant is subject to the court's personal jurisdiction," 28 U.S.C. § 1391(c)(2), meaning where it is incorporated and headquartered. *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014). Snap and YOLO are headquartered in Santa Monica and Los Angeles, respectively, Dkt. No. 1 ¶¶ 41, 42, and so reside in the Central District. LightSpace is incorporated in the Cayman Islands. *Id.* ¶ 43. Although it is not crystal clear whether it maintains an office in Palo Alto (within the Northern District of California), *id.*, or in China, Dkt. No. 31-1 (Hu Decl.) ¶ 4, the Court need not resolve this question because venue is proper in the Central District either way. If LightSpace is deemed a resident of California, venue is proper in the Central District because Snap and YOLO reside there, and all defendants are California residents. *See* 28 U.S.C. § 1391(b)(1). If it is a foreign corporation,

2

LightSpace's residence is irrelevant for venue purposes. *See* 28 U.S.C. 1391(c)(3).

Defendants have demonstrated that a transfer to the Central District is in the interest of justice. Plaintiffs are residents of Oregon and New York, and seek to certify a nationwide class along with Oregon and New York subclasses. Dkt. No. 1 ¶¶ 26-28. As such, their choice of forum is "given less weight in class action cases and in cases where a plaintiff does not reside in the forum." *Marshall*, 2014 WL 3870290, at *2. In addition, none of the events alleged in the complaint occurred in this District, and plaintiffs filed here solely on the ground that defendants do business here generally, *see* Dkt. No. 1 ¶ 48, which further erodes any deference that might otherwise be afforded to plaintiffs' decision to file here.

Overall, the Central District will be a more convenient forum for the parties and witnesses. Snap and YOLO are headquartered there, and have demonstrated through declarations that most of their employees with knowledge relevant to the case, who may serve as trial witnesses, are located in the Central District. *See* Dkt. Nos. 31-1, 31-2, 31-3. Plaintiffs are out-of-state residents for whom the difference of litigating in San Francisco or Los Angeles is a wash. They also did not identify any non-party witnesses that might tilt the balance to this District. The convenience of witnesses is "often considered to be the most important factor in deciding transfer questions" and, as in *Marshall*, this factor "is clearly better served by litigating this dispute in the Central District because the vast majority of [witnesses] are located there." *Marshall*, 2014 WL 3870290, at *3.

Plaintiffs have not adduced any other good reason not to send this case to the Central District. Consequently, a transfer is granted.

**IT IS SO ORDERED.**

Dated: August 9, 2021

JAMES DONATO
United States District Judge

3